# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| THE COMMONWEALTH OF PENNSYLVANIA, | : Civil No. 1:25-CV-00274 |
| Plaintiff, | : |
| v. | : |
| NICOLE RENEE BURNSIDE, | : |
| Defendant. | : Judge Jennifer P. Wilson |

## MEMORANDUM

On February 10, 2025, Nicole Renee Burnside ("Defendant") filed a notice of removal as to a criminal action filed against her in the York County Court of Common Pleas. (Doc. 1.)[1] Defendant also filed an affidavit of indigence. (Doc. 2.) The court will construe Defendant's affidavit of indigence as a motion to proceed *in forma pauperis*, grant the motion to proceed *in forma pauperis*, and remand the case back to the York County Court of Common Pleas because this court lacks jurisdiction.

### BACKGROUND AND PROCEDURAL HISTORY

In the notice of removal, Defendant purports to remove criminal case No. 67-CR-0004749-2024. (Doc. 1, p. 1.)[2] Attached to the notice of removal are notice sheets from the York County Clerk of Courts. (Doc. 1, pp. 8–11.)

---

[1] The notice of removal was received and docketed by the court on February 14, 2025.

[2] For ease of reference, the court uses the page numbers from the CM/ECF header.

1

According to these notice sheets, there was a hearing before a Magistrate Judge regarding eight separate criminal counts against defendant including firearms not to be carried without a license, possession of a prohibited firearm, recklessly endangering another person, marijuana in a small amount for personal use, use/possession of drug paraphernalia, and control of property regulations.  (*Id.*)  However, after reviewing the docket in Defendant's state criminal action on the United Judicial System of Pennsylvania Web Portal³, the only charges brought against Defendant are for the possession of a prohibited firearm and receiving stolen property.  *Commonwealth v. Burnside*, No. CP-67-CR-0004749-2024 (C.P. York Cnty.).  Defendant filed a pro se notice of removal in this criminal action.

The court will now grant Defendant's request to proceed *in forma pauperis*.  However, Defendant's removed criminal case will be remanded to the York County Court of Common Pleas because this court lacks subject matter jurisdiction.

## DISCUSSION

Federal courts are courts of limited jurisdiction and are constrained to exercise only the authority conferred by Article III of the Constitution and affirmatively granted by federal statute.  Moreover, federal law severely limits the

---

³ https://ujsportal.pacourts.us/casesearch (last visited Feb. 24, 2025).

circumstances under which a litigant may remove a case from state court to federal court.  *See* 28 U.S.C. §§ 1441–1455.

Here, Defendant has not stated a valid basis for removal.  When a defendant in a state criminal case files a notice of removal in a United States District Court, that court "shall examine the notice promptly."  28 U.S.C. § 1455(b)(4).  "If it clearly appears on the face of the notice and any exhibits annexed thereto that removal should not be permitted, the court shall make an order for summary remand."  *Id.*

In the context of criminal prosecutions, this court lacks subject matter jurisdiction, except in certain narrow circumstances pursuant to 28 U.S.C. §§ 1442 (federal officers or agencies sued or prosecuted), 1442a (members of armed forces sued or prosecuted), or 1443 (civil rights cases).  Defendant's removal fails to qualify under any of these provisions, as discussed further below.

To qualify for removal pursuant to Section 1442, a removing party must establish that she is an officer of the United States or a person acting under an officer of the United States. 28 U.S.C. § 1442; *see Pennsylvania v. Holloway*, No. 24-2209, 2024 WL 5103009 (3d Cir. Dec. 13, 2024).  Defendant references this statute by stating in her notice of removal: "I am Nicole Renee Burnside misidentified as a defendant being either a federal, state or municipal agent or person in STATE COURT CASE/ACCOUNT NUMBER 67-CR-0004749-2024."

(Doc. 1, p. 1.) Despite this obscure reference to Section 1442, Defendant makes no assertion that she is an officer of the United States or a person acting under an officer of the United States. Therefore, the court lacks jurisdiction under Section 1442.

Removal under Section 1442a requires a removing party to show, among other things, that she is a member of the armed forces of the United States. 28 U.S.C. § 1442a; *See Pennsylvania v. Smith*, No. 24-1499, 2024 WL 3594362 (3d Cir. July 31, 2024). Defendant has not alleged that she is in the military. Thus, she has not alleged any facts supporting removal under Section 1442a.

Nor is this action removable under Section 1443. There are two ways an action is removable under Section 1443:

> (1) Against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof;
>
> (2) For any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law.

28 U.S.C. § 1443.

The Supreme Court specifically held that to establish jurisdiction under Section 1443(1), a defendant must satisfy the following two-pronged test:

> First, it must appear that the right allegedly denied the removal petitioner arises under a federal law 'providing for specific civil rights stated in terms of racial equality.' *Georgia v. Rachel*, *supra*, 384 U.S.,

>at 792, 86 S.Ct. at 1790. Claims that prosecution and conviction will violate rights under constitutional or statutory provisions of general applicability or under statutes not protecting against racial discrimination, will not suffice.  That a removal petitioner will be denied due process of law because the criminal law under which he is being prosecuted is allegedly vague or that the prosecution is assertedly a sham, corrupt, or without evidentiary basis does not, standing alone, satisfy the requirements of § 1443(1).  *City of Greenwood v. Peacock*, supra, 384 U.S., at 825, 86 S.Ct., at 1811.
>
>Second, it must appear, in accordance with the provisions of § 1443(1), that the removal petitioner is 'denied or cannot enforce' the specified federal rights 'in the courts of (the) State.'  This provision normally requires that the 'denial be manifest in a formal expression of state law,' *Georgia v. Rachel*, *supra*, 384 U.S., at 803, 86 S.Ct., at 1796, such as a state legislative or constitutional provision, "rather than a denial first made manifest in the trial of the case." *Id*., at 799, 86 S.Ct., at 1794.

*Johnson v. Mississippi*, 421 U.S. 213, 219 (1975).

Defendant has not alleged that she has been denied her civil rights in terms of racial equality.  Instead, she is alleging that her Second Amendment rights were violated because the underlying state law amounts to an unconstitutional restriction on her right to bear arms.  (Doc. 1, p. 3.)  She also alleges that her Sixth Amendment right to a speedy trial has been violated.  (*Id*., pp. 3–4.)  She further alleges that her Fifth Amendment right has been violated in an unspecified way.  (*Id*., p. 4.)  However, Section 1443(1) does not serve to remedy "the violation of . . . constitutional rights phrased in terms of general rights applicable to all citizens."  *Pennsylvania v. Brown–Bey*, 637 F. App'x 686, 688 (3d Cir. 2016).  Therefore, she has not established jurisdiction under Section 1443(1).

Next, the Supreme Court has stated that removal under 28 U.S.C. § 1443(2) "is available only to state officers." *City of Greenwood, Miss. v. Peacock*, 384 U.S. 808, 824 n.22 (1966). As set forth above, Defendant has not alleged that she is a state officer.

Furthermore, to the extent Defendant may instead be attempting to remove her criminal case pursuant to 28 U.S.C. § 1441 based on federal question or diversity jurisdiction pursuant to 28 U.S.C. §§ 1331 or 1332, she cannot do so, as Section 1441 only applies to the removal of civil cases. 28 U.S.C. § 1441(a) ("Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."). Additionally, the federal question statute applies to civil (not criminal) cases. 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.").

Defendant does not appear to be asserting diversity jurisdiction. But even if she does, the diversity statute does not apply to criminal actions. *See* 28 U.S.C. § 1332 ("The district court shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of

interest and cost, and is between—(1) citizens of different States; [or] (2) citizens of a State and citizens or subjects of a foreign state. . . ."). Again, the case Defendant is attempting to remove is a criminal, not civil, action.

Even if this court were to consider this notice of removal as a lawsuit under 42 U.S.C. § 1983, the notice, construed as a complaint, would be subject to summary dismissal. Defendant is requesting relief of removal of her criminal case which, as discussed above, she may not do. (Doc. 1, p. 5.) She is also requesting that this court intervene in her pending criminal cases, which this court cannot do. Federal courts, absent extraordinary circumstances, are not authorized to interfere with a State's pending criminal proceedings. *See Younger v. Harris*, 401 U.S. 37, 44 (1971). Specifically, the *Younger* Court noted that courts of equity should not act unless the moving party has no adequate remedy at law and will suffer irreparable injury if denied equitable relief. *Id*. at 43–44.

### CONCLUSION

Because Defendant has not established that this court has jurisdiction over these matters, the removed criminal case will be remanded back to the York County Court of Common Pleas. *See* 28 U.S.C. § 1455(b)(4). The Clerk of Court will be directed to close the case. An appropriate order follows.

s/Jennifer P. Wilson<br>
JENNIFER P. WILSON<br>
United States District Judge<br>
Middle District of Pennsylvania

Date: February 24, 2025